IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID ROBERTS,

         Plaintiff,

vs.

CITY OF OMAHA, JOSH MARTINEC,
PHILLIP RICKER, ERICH JONES, and
JUSTIN RADERS,

         Defendants.

8:11CV129

ORDER

This matter is before the court on the plaintiff's, David Roberts (Roberts), Motion to Compel Discovery (Filing No. 105). Roberts filed a brief (Filing No. 106) in support of the motion. The defendant, the City of Omaha, filed a brief (Filing No. 114) in opposition. Roberts filed a brief (Filing No. 118) in reply.

**FACTUAL BACKGROUND**

This is an action for Fourth Amendment excessive force violations under 42 U.S.C. § 1983. **See** Filing No. 1 - Complaint. The following facts are those determined by the United States Court of Appeals for the Eighth Circuit and are adopted for purposes of this motion:

> Roberts suffers from a diagnosed mental disability, paranoid schizophrenia. On January 11, 2010, Roberts lived in Omaha, Nebraska, with his parents and siblings. At approximately 5:13 a.m., Roberts's mother, Wanda Roberts (Mrs. Roberts), called 911 and reported that "Roberts was having a psychotic episode and had" attacked a member of the family with a knife or screwdriver and then retreated to the basement. The 911 dispatcher alerted Officers [Josh] Martinec and [Phillip] Ricker that Roberts was schizophrenic, had attempted to assault a sibling, and potentially had a knife or screwdriver with him in the basement. Roberts admits his mother made this call, but denies the alleged attack occurred.

See **Roberts v. City of Omaha**, 723 F.3d 966, 974 (8th Cir. 2013). While the officers and Roberts dispute what occurred after the officers responded to the 911 call, Officer Martinec eventually pulled his weapon and fired six rounds hitting Roberts in multiple places. **See** Filing No. 1 - Complaint; Filing No. 106 - Brief.

**PROCEDURAL HISTORY**

On April 7, 2011, Roberts filed a complaint against the City of Omaha and Officers Martinec, Ricker, Jones, and Raders in their individual and official capacities. **See** Filing No. 1 - Complaint. Roberts alleged violations of the Americans with Disabilities Act of 1990 (ADA), the Rehabilitation Act of 1973 (Rehabilitation Act), the Fourth and Fourteenth Amendments, and state law. *Id.* On appeal to the Eighth Circuit following a ruling on the defendants' summary judgment motion, the Eighth Circuit dismissed Roberts' ADA and Rehabilitation Act claims and determined Officers Ricker, Jones, and Raders were entitled to qualified immunity. **See** *Roberts*, 723 F.3d at 976. Following the appeal, the court entered a progression order. **See** Filing No. 102 - Order. The parties had until July 31, 2014, to conduct discovery. **See** *id.* Trial is set for September 22, 2014. *Id.*

On July 3, 2014, Roberts filed the instant motion to compel. **See** Filing No. 105 - Motion. Roberts seeks to compel the defendants to respond to Request for Production of Documents No. 2 and to produce all information related to Officer Martinec's prior safety rule and policy and procedure violations while employed as an Omaha police officer. **See** Filing No. 106 - Brief.[1] Roberts argues Officer Martinec's personnel file is relevant under the broad scope of discovery because it is relevant to punitive damages and could serve as impeachment evidence. *Id.* Roberts contends personnel files have been determined discoverable in other cases, specifically for use as impeachment material. *Id.* (**citing** *Wescott v. Crinklaw*, 68 F.3d 1073 (8th Cir. 1995) (holding reversible error occurred in disallowing impeachment evidence regarding previous incidents of officer's use of excessive force and gunfire)).

The city contends the motion is untimely because Roberts made his discovery request in June 2012. **See** Filing No. 114 - Response. The city argues with the pretrial order deadline looming and trial around the corner, the motion should be denied. *Id.* Additionally, the city argues its supplemental response provided information on Officer Martinec's use of a firearm and thus its obligation is satisfied. *Id.*[2] The city represents that, without conceding whether any past discipline or complaints are relevant to punitive damages, to avoid the argument now, the city provided discovery on any prior incidents involving firearms. *Id.* However, the city asserts any other material, such as proper pursuit

---

[1] Roberts did not attach the discovery request or include the request in an index of evidence.
[2] In the city's brief, the city references a Supplement Response as "ex. 2, opposing the motion" and exhibits submitted; however, there are no exhibits included with the brief or filed separately.

procedures, improper reporting, and unprofessional conduct, is not sufficiently related to the issues in this case.  *Id.*  The city argues only "prior incidents of the sort that harmed the plaintiff" are relevant.  *Id.*  The city contends Roberts oversells the need for impeachment material.  *Id.*  The city's attorney represents he will not open the door for impeachment.  *Id.*

Roberts replies his motion is timely as it was filed before the July 31, 2014, deadline.  **See** Filing No. 118 - Reply.  Roberts argues while the discovery request for the contested information was made in 2012, his case was primarily focused on other theories of liability, which are now dismissed, thus Roberts did not pursue the discovery.  *Id.*  Due to the shift in focus following dismissal of several claims, Roberts argues it is imperative to seek and obtain the requested discovery.  *Id.*  Roberts asserts the city's supplemental response is insufficient and he is entitled to evidence beyond that disclosed in the response.  *Id.*  Roberts argues discovery is not limited to "prior incidents of the sort that harmed the plaintiff" or prior incidents involving firearms.  *Id.*  Roberts states while his counsel respects the city's counsel's representation the door to impeachment will not be opened, Roberts argues such an assurance is meaningless and should be construed as an admission the evidence is discoverable and potentially admissible for impeachment purposes if the door is opened.  *Id.*

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)).  Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978).  Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case.  **See** ***Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972).  Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto.  Unless the task of producing or answering is unusual,

undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted).

As an initial matter, Roberts' motion is timely.  Roberts filed the motion on July 3, 2014, which was within the July 31, 2014, discovery deadline.  Moving to the substance of the motion, the city represents it provided discovery relevant to punitive damages.  **See** Filing No. 114 - Response p. 3.  Roberts does not dispute this in his reply, thus, the remaining dispute appears related to the discovery of impeachment evidence.  Assuming, based on the parties' representations, the Request for Production of Documents No. 2 is limited to a request of Officer Martinec's safety rule and policy and procedure violations, Roberts has met his threshold burden of showing the information is relevant as impeachment evidence.  The defendants have not shown they would suffer prejudice or an undue burden by producing the discovery.  While the court respects defendants' counsel representation the door to impeachment will not be opened, that is not the standard to determine whether a party may obtain discovery.  The whole of Officer Martinec's personnel file is not open for discovery, only those portions that relate to safety rule and policy and procedure violations.  Accordingly,

**IT IS ORDERED**:

The plaintiff's Motion to Compel Discovery (Filing No. 105) is granted.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 20th day of August, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge