IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID ROBERTS,<br><br>                Plaintiff,<br><br>    v.<br><br>JOSH MARTINEC,<br><br>                Defendant. | **8:11CV129**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant Josh Martinec's motions in limine, Filing Nos. 125 and 139. This is an action for deprivation of civil rights under 42 U.S.C. § 1983. This matter is set for trial on the individual capacity claims against defendant Martinec. See Filing No. 80, Pretrial Order, Filing No. 28, Order. This action involves the shooting of the plaintiff by Josh Martinec, an Omaha Police Department ("OPD") officer.[1]

I.     BACKGROUND

In his first motion in limine, defendant seeks an order generally precluding the plaintiff from making any reference to complaints or investigations about the defendant's or other officers' performance of duty other than those that pertain to the incident at issue; investigations of any OPD officers other than the defendant with respect to the incident at issue; law enforcement or government studies, procedures, or policies regarding law enforcement responses to people with mental illness; the Americans with Disabilities Act ("ADA"), Rehabilitative Act or any law, regulation, or rule regarding services to or accommodation of a person with known mental disabilities; any OPD

---

[1] Facts are set out in the court's earlier order and need not be repeated herein. See Filing No. 82, Memorandum and Order.

policy, practice or training regarding special consideration of or dealing with persons with known mental disabilities (the "OPD mental disability policy"); and any alternative methods dealing with David Roberts during the incident, including allegations that Officer Martinec or any other officer created or escalated the situation.

The defendant argues evidence that relates to policy claims are irrelevant since the trial has been bifurcated and the plaintiff's custom or policy claim against the City will be separately tried. Further, he argues that evidence of other complaints or investigations would unfairly distract the jury from real issues.[2]

The plaintiff resists the motion. Filing No. 133. Roberts argues that evidence of events leading up to the incident and subsequent to the incident are relevant to the "objective reasonableness" of the defendant's actions. He argues that evidence of the defendant's condition and diagnosis are also relevant to the "objective reasonableness" issue.

In his second motion in limine the defendant seeks exclusion of certain testimony of the plaintiff's proffered expert, Michael Lyman, specifically, "any testimony or reference asserting or suggesting that the shooting of David Roberts was inconsistent with proper police practices because other Omaha police officers who are no longer defendants in this action took or failed to take steps to prevent the encounter with Roberts from escalating." He argues that the evidence is irrelevant since the individual officers whose behavior in failing to taser Roberts is criticized by Dr. Lyman are no longer defendants in this case. He argues that testimony about the failings or improper

---

[2] In response to this argument, the plaintiff states that he does not intend to introduce evidence of complaints or investigations of officers other than those relating to the January 11, 2010, incident involving the plaintiff and only with respect to Officer Martinec.

2

conduct of other persons who are not parties to this action is irrelevant and immaterial. In opposition, the plaintiff argues that evidence of the presence and conduct of the other officers is relevant to the assessment of the objective reasonableness of defendant Martinec's actions.

## II. DISCUSSION

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion, but is inclined to think that evidence that relates to the conduct of all of the officers involved in the incident, as well as evidence of the plaintiff's condition and diagnosis, and evidence immediately preceding and following the incident are relevant and necessary for the jury's understanding of the issues.

With respect to the testimony of the plaintiff's proffered expert, the court finds the plaintiff's concerns go more to the weight than the admissibility of the evidence. The defendant does not challenge the expert's expertise or question the trustworthiness of the evidence, rather he challenges its relevance.[3] The court finds that the conduct of the other officers is relevant to the jury's full understanding of the context of the incident and as it relates to the reasonableness of defendant Martinec's actions. The reliability of the expert's opinion is properly the subject of cross-examination.

Similarly, OPD policies on excessive force and mental illness also appear relevant to the objective reasonableness assessment. OPD's policies or procedures may provide context for the incident and may be relevant to the objective reasonableness of the defendant's conduct. Also, although the plaintiff's ADA claim has been dismissed, concepts such as accommodations for the disabled may be shown to be relevant to the issues herein without suggesting that ADA standards define objective reasonableness.

Defendant's concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds the motion can be

---

[3] The defendant relies on the "law of the case" doctrine for the proposition that the dismissal of the other officers in their individual capacity renders all evidence of their involvement inadmissible. The court does not agree that the Eighth Circuit Court of Appeals' finding that the other officers were immune from suit "is sufficient to remove criticism of their conduct." See Filing No. 141, defendant's brief at 5. Contrary to the defendant's assertions, consideration of the other officer's conduct does not equate to holding non-parties liable for the defendant's actions. The officer's conduct is relevant to, and can be evaluated as it relates to, the conduct of the defendant herein.

adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the court finds that the motions in limine should be overruled at this time, without prejudice to reassertion via timely objection to the admissibility of such evidence at trial.

IT IS HEREBY ORDERED:

1. Defendant's motions in limine (Filing Nos. 125 and 139) are denied without prejudice to reassertion.

DATED this 5th day of February, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge